873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,
Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 88-3523.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 6, 1988.
Decided: April 12, 1989.
 
 James R. Schraf (Victor I. Weiner, Lipshultz and Hone, Chartered, on brief), for appellant.
 Barbara Johnson Palmer (Rignal W. Baldwin, Jr., Brassel & Baldwin, P.A., on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In this appeal from a judgment upon a jury verdict for General Electric Company ("G.E."), we are presented with issues involving the sufficiency of evidence. We hold that there was sufficient evidence of Prudential's contributory negligence, assumption of risk and product misuse to permit the jury to consider such defenses and, accordingly, we affirm the judgment below.
 
 I.
 
 2
 On July 21, 1984, a fire at the Bowie, Maryland, home of Alfred Sickles resulted in extensive property damage. As the insurer of Sickles' home and subrogee of his rights under his home owner's policy, Prudential filed an action claiming that a malfunction in a toaster oven manufactured by G.E. was the cause of the fire. Prudential's causes of action were premised on theories of negligence, breach of express and implied warranties, and strict liability. G.E.'s defenses included contributory negligence, assumption of the risk, and product misuse on the part of Sickles.
 
 
 3
 The evidence at trial clearly pointed to the toaster oven's location in the kitchen as the origination point of the fire. According to reports prepared by fire department officials, Sickles reported that he had placed two potatoes in the toaster oven and then fell asleep in his living room. After an undisclosed period of time, his barking dog alerted him to the fire.[1]
 
 
 4
 The trial involved a battle of experts. Prudential's expert witness, an engineer who had examined the toaster oven involved in the fire as well as a new exemplar, concluded that a defect in the oven's thermostat allowed the oven to reach an otherwise unattainable temperature. He further stated that this defect was the direct cause of the fire. G.E.'s expert witness opined that the oven did not malfunction as a result of any defect; more specifically, he testified that his examination of the toaster did not reveal any evidence of a thermostat malfunction.
 
 
 5
 Also introduced into evidence was the videotaped deposition of an investigator from the local bureau of fire prevention. The investigator stated that upon arriving at the scene of the fire, he observed that the toaster oven was abutting the lip on the back of the kitchen counter. The instruction booklet for the model of Sickles' toaster oven was introduced; this booklet included in its list of "important safeguards" the admonition to keep the appliance at least one inch from the rear of a counter. There is also some indication in the record that the oven may have been in close proximity to the kitchen draperies.
 
 
 6
 The court instructed the jury on Prudential's theories of negligence, breach of warranty, and strict liability; over Prudential's objection, the jury was also instructed on G.E.'s defenses of contributory negligence, assumption of risk and product misuse. The jury returned a verdict for the defendant, G.E., and Prudential appeals from the judgment entered upon such verdict.
 
 II.
 
 7
 Prudential's only contention on appeal is that the evidence adduced at trial was legally insufficient to permit the jury to consider G.E.'s defenses.[2] Specifically, Prudential argues that the jury's consideration of such defenses could only have been based on speculation because no evidence of what Sickles did or knew at the time of the fire was presented which could lead to a finding of negligence, assumption of risk or product misuse. After examining the evidence in light of the legal test for legal sufficiency, we agree with the trial court's decision to submit the issues of G.E.'s defenses to the jury.
 
 
 8
 It is well settled that it is the jury's province to resolve conflicting inferences from circumstantial evidence. Permissible inferences must be within the range of reasonable probability, and only when the necessary inference is so tenuous as to rest upon mere speculation and conjecture will a case be withdrawn from the jury. Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Co., 427 F.2d 862, 868 (4th Cir.1970). Although the evidence at trial was largely circumstantial, we are convinced that such evidence was sufficient to allow the jury to draw permissible inferences that would support G.E.'s defenses.
 
 
 9
 A person may be guilty of contributory negligence if he fails to exercise ordinary care to avoid danger of which he knew or should have known and appreciated. Moodie v. Santoni, 292 Md. 582, 441 A.2d 323 (1982). Knowledge and appreciation of the danger may be imputed to the actor. Menish v. Polinger Company, 277 Md. 553, 356 A.2d 233 (1976). The evidence at trial could certainly support an inference by the jury that Sickles left the toaster oven on and unattended for a lengthy period of time and that he had placed the appliance too close to the back of the kitchen counter and draperies. Common experience teaches that a toaster oven could constitute a fire hazard under such circumstances, and we cannot say that the jury should have been precluded from considering the issue of Sickles' negligence.
 
 
 10
 Our analysis of the assumption of risk and product misuse instructions leads us to the same conclusion. Instructions on each of these defenses were justified because the jury could have imputed to Sickles knowledge of the warnings contained in the instruction booklet[3] and, thus, infer that he failed to heed the warnings. This imputed knowledge and appreciation of the danger inherent in the improper use of the toaster oven could have served as a proper basis for the jury's conclusion that either of these defenses was satisfied. See generally Liscombe v. Potomac Edison Co., 303 Md. 619, 495 A.2d 838 (1985) (elements of assumption of risk); Ellsworth v. Sherne Lingerie, Inc., 303 Md. 581, 495 A.2d 348 (1985) (elements of product misuse).
 
 
 11
 We find that the evidence adduced at the trial was sufficient to permit the jury to consider the issues of contributory negligence, assumption of risk, and product misuse, and we hold that the trial court did not err in so instructing the jury. Accordingly, we affirm the judgment below.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Sickles died before this action was filed
 
 
 [2]
 Prudential also argues in its brief that the trial court erred in allowing G.E.'s expert to testify because his deposition answers were lacking in opinions and because G.E. failed to properly supplement its interrogatory answers regarding the expert's testimony. Prudential, however, failed to incorporate the interrogatory answers and deposition transcript into the record below and, as a result, we do not address this issue
 
 
 [3]
 A jury could have inferred from the evidence that the instruction booklet was packaged with the toaster oven and therefore received by Sickles